# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                    **CASE NO. 2:25-cr-20018-DDC-TJJ**

**TRACEY L. KARAS,**

        **Defendant.**

# INFORMATION

**THE UNITED STATES ATTORNEY FOR THE DISTRICT OF KANSAS CHARGES**:

At all times relevant to the Information:

## INTRODUCTION

1. Victim Company was a construction company located in Kansas.

2. Defendant Tracey L. Karas was a resident of Kansas. Karas was employed by Victim Company in or around 2017 and continued employment until she was terminated in 2023. Beginning in around 2019 Defendant worked as a bookkeeper for Victim Company.

1

**The Scheme to Defraud**

3.      Beginning on a date unknown, but not later than November 1, 2019, Defendant Karas devised a scheme to defraud Victim Company. Defendant executed the scheme in at least four ways - by obtaining duplicate pay deposits to from the company ("the duplicate paycheck fraud"), by causing the company to write checks for reimbursements to Defendant that she knew she was not entitled to receive ("the reimbursement check fraud"), by using her company credit card to pay for personal expenses without the knowledge and consent of the company ("the credit card fraud"), and by causing Victim Company to pay for improvements to Defendant's personal residence without the company's knowledge ("the invoice fraud").

4.      Victim Company utilized a third-party payroll processing company to handle the payment of payroll for its employees. As part of the duplicate paycheck fraud, Defendant submitted pay requests for hours that she did not actually work, and also caused Victim Company to pay her duplicate payments she was not entitled to receive. Defendant contacted the payroll processing company by telephone and by the payroll processing company's online portal. As a result of the duplicate paycheck fraud, Defendant obtained at least $559,324.50 in payment from Victim Company that she was not entitled to receive.

5.      As part of the reimbursement check fraud, Defendant prepared two personal checks on a bank account she owned. In an email she sent on October 3, 2022, Defendant told Victim Company and its owner that "I did not have any [Victim

Company] checks with me that day and [owner of victim company] was not coming here that day. Just wanted to let you know so when you see a large [Victim Company] check made out to me you aren't wondering what the heck." Defendant included with the email two personal checks that appeared to have been written to subcontractors for legitimate Victim Company work. As a result, Victim Company wrote a check to Defendant in the amount of $192,514.94, which was the combined amount of the two checks Defendant referenced in the email. However, neither of the Defendants checks were ever processed for payment and Defendant fraudulently received reimbursement for an expense she knew she did not incur.

6.  As part of the credit card fraud, Defendant used a company credit card to purchase personal items, without the knowledge and consent of Victim Company. On or about April 24, 2021, Defendant used a company credit card to purchase diamond jewelry including a tennis bracelet and a men's diamond bracelet, from Helzberg Diamonds. On May 1, 2021, she used the company credit card to purchase $4,998.65 worth of jewelry from Zales. On March 4, 2022, Defendant used the company credit card to pay $24,355.98 to a fencing company for fencing at her personal residence. On May 5, 2022, Defendant used the company credit card to pay $4,000 for items related to a swimming pool at Defendant's personal residence.

7.  As part of the invoice fraud, Defendant prepared false and fraudulent invoices in which the costs of remodeling work done at the Defendant's residence was billed to the Victim Company's customers. The Defendant used her email at the Victim

Company to communicate with the customers and the subcontractors performing the remodeling work. Defendant received at least $63,292.03 in fraudulently obtained money and services paid by Victim Company from the invoice fraud.

## COUNT 1

### Wire Fraud
### [18 U.S.C. §1343]

The allegations in paragraphs 1 through 7 of this information are incorporated as if fully set forth herein.

8.  On or about January 5, 2023, in the District of Kansas and elsewhere, the defendant,

### TRACEY L. KARAS,

having devised and intending to devise the aforementioned scheme and artifice to defraud Victim Company, for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted in interstate commerce, wire and radio sounds, and signals, that is the initiation of payroll from Kansas to a third-party payroll processing company's server located in Atlanta, Georgia.

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

### Making or Presenting a False Claim
### [18 U.S.C. §287]

4

The allegations in paragraphs 1 through 7 of this information are incorporated as if fully set forth herein.

9. On or about February 26, 2023, in the District of Kansas, and elsewhere, the defendant,

**TRACEY L. KARAS**,

knowingly made and presented to the Internal Revenue Service, an agency of the United States Department of the Treasury, a claim against the United States for payment of a refund of taxes, then she then and there knew to be false, fictitious, and fraudulent. Defendant made the claim by presenting and causing to be presented to said agency, a 2022 Individual Income Tax Return, Form 1040 in the amount of $48,211.00, knowing that the claim was false, fictitious, and fraudulent in that she was not entitled to the refund which was being requested.

In violation of Title 18, United States Code, Section 287.

## **FORFEITURE ALLEGATION**

10. The statements and allegations contained in paragraphs 1 through 9 and Counts 1 and 2 of this Information are realleged and incorporated by reference for the purpose of alleging forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

11. Upon conviction of the offense alleged in Count One of the Information, Defendant Tracey L. Karas shall forfeit all property, real and personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited incudes, but is not limited to, the following:

A. A forfeiture judgment against the defendant in an amount equal to the gross proceeds derived from or traceable to the scheme to defraud included in Count 1;

B. A parcel of property located at 8424 England Street, Overland Park, Kansas, with all appurtenances, improvements and attachments thereon, also identified as:

Lot 21, Block 4, Galway Domains, a subdivision in the City of Overland Park, Johnson County, Kansas;

C. A 2021 Mercedes-Benz G63, VIN: WINYC7HJ5MX365845;

D. Contents of account number xxxxxxxx7707 located at Bank of America.

## Substitute Assets

13. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred to, sold to, or deposited with a third person;

(C) has been placed beyond the jurisdiction of the Court;

(D) has been substantially diminished in value; and/or

(E) has been commingled with other property that cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property Title 21, United States Code, Section 853(p).


DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ *D. Christopher Oakley*
D. Christopher Oakley
Assistant United States Attorney

District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: chris.oakley@usdoj.gov
Ks. S. Ct. No. 19248

> IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

# **PENALTIES**

## **Count One: Wire Fraud [18 U.S.C. 1343]**

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1341.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

## **Counts Two: Making or presenting a false claim [18 U.S.C. 287]**

- Punishable by a term of imprisonment of not more than five (5) years. 18 U.S.C. § 287.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture